DAVID W. BRUCE and others, as Executors, Respondents, *v.* HENRIETTA P. GRISCOM and others, Appellants.

*Advances by father to child — how distinguished from loan.*

Where a father gave to one of his sons $5,000 to enable him to purchase an interest in a patent-right, and to secure the repayment of the same took back a chattel mortgage upon the patent, executed by the son and the owner of the remaining interest therein, *held*, that it was a loan by the father to the son, and not an advancement within the meaning of the Revised Statutes.

Appeal from an order providing for the distribution of the surplus moneys, arising from a sale under the foreclosure of a mortgage.

The surplus, amounting to about $9,000, arose upon the foreclosure of a mortgage, given by John H. Griscom, deceased. The claimants were his widow, three children, and a grandchild. On the part of the three children, it was claimed that an advance of $5,000 had been made to the father of the grandchild, and that this amount should be added to the surplus before distributing the same; while, on the part of the grandchild, it was claimed that said amount was loaned to its father, and that it could not be taken into account in this proceeding. The $5,000 was given by the father to his son to enable him to purchase an interest in a patent-right, and to secure the payment of the same he took back a chattel mortgage upon the patent, executed by the son and the owner of the remaining interest therein.

*Henry Parsons* and *A. B. Tappen*, for the appellants.

*William A. Boyd*, for the respondents.

BRADY, J.:

An advance made by an intestate to his child, or its value, must, under our statutes, be reckoned with that part of the surplus of the personal estate which shall remain to be distributed among the children, and in accordance with the provisions relating thereto. (2 R. S., 97, §§ 76, 77, 78; 1 R. S., 754, §§ 23, 24, 25.) Inconsiderable sums of money occasionally given to spend, or to defray expenses in traveling and the like, should be deemed to be given without a view to a portion or settlement in life, and not regarded as advancements. But a considerable sum of money given to a child, to enable him to start in business, should be deemed an advancement, unless proved to have been given " without a view to a portion or settlement in life," as contemplated by the statutes. (*Supra ; Sanford* v. *Sanford*, 61 Barb., 293; *McRae* v. *McRae*, 3 Brad., 199; *Terry* v. *Dayton*, 31 Barb., 519.) The money received from the intestate by his son was to enable the latter to purchase a patent-right, and evidently for business purposes. The amount was considerable, and the two elements suggested concurring, a proper case in favor of the appellants is made out if the sum obtained from the intestate was in truth an advance.

An advance is distinguished from a loan in many of the relations in life. When it intervenes between father and child, it has a very decided legal significance. The definition of an advancement is, then, "a payment or appropriation of money, or a settlement of real estate made by a parent to or for a child, in advance or in anticipation of the distributive share to which such child would be entitled after the death of the parent; money paid in advance (see Burrill's Law Dictionary); and therefore when money is given, resort must be had to the facts and circumstances attending and making the transaction in order to determine its character. (*Hine* v. *Hine*, 39 Barb., 507.) The rule that the intention of the parent, if demonstrable, must prevail, seems to be established, where there is nothing express upon the subject. (*Jackson* v. *Matsdorf*, 11 Johns., 91; *Proseus* v. *McIntyre*, 5 Barb., 424.) In *Hine* v. *Hine* (*supra*) a receipt was given by the son containing the words "which money I am to account for without interest," and it was said "the very form of the voucher indicates not a loan, but an advance." It was also said, "there was no provision to pay or terms of payment fixed, and no security asked or given." In this case, however, it appears that the intestate took back from his son a mortgage for the payment of the money given and upon the property acquired by the use of the money, namely, the interest in the patent purchased, and in which mortgage another person, namely, James J. Wright, united. The transaction having been thus consummated, it bears the impress of a loan, not an advancement. It was not a payment on account of the son's portion of the estate, real or personal, and there was no evidence given or offered which tended to prove it to be so. The testimony offered and excluded was designed to prove that a loan was made and this was immaterial, inasmuch as it was conceded that a loan had been made. It could not be questioned on the evidence. It was not gainsaid. If a loan secured by a mortgage, even though the mortgage be worthless, can be converted into an advancement such as is contemplated by the statute, then the referee might have been justified in holding otherwise than as he did, but it cannot be. It would be a contradiction in terms to call a loan by a parent to his son an advancement upon the latter's share of an expectant estate. Such advances in the abstract are not to be returned or paid back to the

parent by any understanding between the parties. Money thus given is a payment or distribution in anticipation of an event to occur, by which the child will become entitled to a share of property — a partial, and, it may be, a total appropriation of the share by the parent while living to the use of the child. When such an incident occurs, it is not and cannot be a loan. It is true that if the amount given is large, it will be assumed to have been an advance, in the absence of proof to the contrary (cases *supra*); but in this case there is evidence to the contrary, and it must be regarded as a loan therefore. When the referee determined that it was a loan, he was required, therefore, to deduce that it could not be reckoned as a part of the surplus, and the appellants could not reach it in this proceeding. It was subject, doubtless, to the debts of the son, if any existed, and to be considered and disposed of in another mode provided by law.

We think the order appealed from should be affirmed, but without costs of this appeal.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, without costs.